1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GLENN-MICHAEL KUDER,

11        Plaintiff,                    No. CIV S-08-3087 LKK DAD PS

12        v.

13   WASHINGTON MUTUAL            FINDINGS AND RECOMMENDATIONS
     BANK and CALIFORNIA
14   RECONVEYANCE COMPANY,

15        Defendants.

16   _____/

17          This case came before the court on April 9, 2009, for hearing of defendants'

18   amended motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure

19   12(b)(6) (Doc. No. 10 ).[1]  Plaintiff Glenn-Michael Kuder, proceeding pro se, appeared on his

20   own behalf.  Amy L. Morse, Esq. appeared telephonically for defendants JP Morgan Chase Bank,

21   N.A., an acquirer of certain assets and liabilities of Washington Mutual Bank, and California

22   Reconveyance Company.  Upon consideration of all written materials filed in connection with

23   /////

24   _____

25        [1]  Defendants originally noticed the motion for hearing before the assigned district judge
     in error.  (See Doc. No. 6.)  The amended motion was properly noticed for hearing before the
26   undersigned.

1  the motion, the parties' arguments at the hearing, and the entire file, the undersigned

2  recommends that defendants' motion be granted and this action be dismissed.

3  BACKGROUND

4        Plaintiff originally filed his complaint on November 13, 2008, in the Siskiyou

5  County Superior Court.  On December 19, 2009, defendants removed the action pursuant to 28

6  U.S.C. § 1441(b) on the grounds that this court has original jurisdiction over plaintiff's federal

7  constitutional claims and as well as those brought under the Federal Fair Debt Collections

8  Practices Act (FDCPA) and supplemental jurisdiction over any other claims.  See Notice of

9  Removal (Doc. No. 1).  Defendants filed an amended motion to dismiss on January 7, 2009.

10 Plaintiff filed his written opposition to the motion on February 9, 2009.

11 PLAINTIFF'S CLAIMS

12       Upon reviewing his difficult-to-decipher complaint the undersigned has gleaned

13 that plaintiff alleges as follows.  He purchased the subject property, located at 642 Main Street in

14 Etna, California from one Philip Riley for the grand total of twenty-five dollars.  (Compl. at 2.)[2]

15 Mr. Riley was the borrower on a mortgage loan secured by a note and deed of trust on the subject

16 property.  (Compl. at 1.)  Riley's lender was Long Beach Mortgage Company, who subsequently

17 sold the loan to defendant Washington Mutual Bank.  (Compl. at 1.)  Plaintiff claims that

18 defendant Washington Mutual fraudulently purchased the loan "without any valuable

19 consideration" and without "incurring any financial cost" by creating a "demand deposit

20 account."  (Compl. at 2.)  This is because, according to plaintiff, Federal Reserve Notes have "no

21 backing by gold and silver, as required under Article One, Section Ten of our Federal

22 Constitution" and, as a result, "[a]ll bank loans in the continental United States are fraudulent in

23 their very nature[.]"  (Compl. at 9.)  Accordingly, plaintiff argues that neither he nor Mr. Riley

24 caused defendant Washington Mutual Bank any damage by defaulting on the loan secured by the

25

26     [2]  Plaintiff's complaint appears in this court's record at Doc. No. 1, page 10 of 76.

1  property.  (Compl. at 9.)  Plaintiff concludes that defendants have no right to be repaid, have no

2  valid interest in the subject property and therefore cannot legally foreclose upon it.  (Compl. at

3  24-29.)[3]  Plaintiff seeks abatement of defendants' claim of any interest in the subject property

4  and any right to repayment of the loan secured thereby, along with compensatory damages in the

5  amount of $150 and punitive damages in the amount of $150 with all damages paid in "lawful

6  money, silver specie (silver one ounce coins), minted in the united states of America (sic)."

7  (Compl. at 40-42.)

8                              ARGUMENTS OF THE PARTIES

9            Defendants seek dismissal of plaintiff's complaint pursuant to Federal Rule of

10  Civil Procedure 12(b)(6) on the grounds that he has failed to state any cognizable claim.

11  Specifically, defendants argues that at the heart of plaintiff's complaint is his frivolous

12  contention that the loan made in this instance was not backed by gold or silver as required by the

13  United States Constitution.  (Mot. at 4.)  Defendants assert that this so-called "vapor money"

14  theory has no basis in the law and has been rejected by every court to which it has been

15  presented.  In addition, defendants argue that plaintiff has stated no cognizable claim based upon

16  slander of title, fraudulent conveyance or any other provision of state or federal law.  (Reply at 2-

17  3.)

18            In his written opposition to the motion to dismiss plaintiff advances primarily the

19   same arguments set forth in his complaint.  None of those arguments is persuasive.

20            LEGAL STANDARDS APPLICABLE TO DEFENDANTS' MOTION

21            The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

22  sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

23  1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

24

25            [3]  The remainder of plaintiff's rambling, forty-four page complaint is a hodgepodge of
   allegations coupled with citations and is indecipherable.  Nonetheless, plaintiff purports to allege
26  causes of action for quiet title and slander of title/fraudulent conversion.

1    sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901

2    F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

3    relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Thus,

4    a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the

5    plaintiff's claims, even if the plaintiff's allegations are true.

6            In determining whether a complaint states a claim on which relief may be granted,

7    the court accepts as true the allegations in the complaint and construes the allegations in the light

8    most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

9    United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less

10   stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519,

11   520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the

12   form of factual allegations.  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

13           Federal Rule of Civil Procedure 9, titled "Pleading Special Matters," provides as

14   follows with regard to claims of "Fraud, Mistake, Condition of the Mind":

15           In all averments of fraud or mistake, the circumstances constituting
             fraud or mistake shall be stated with particularity.  Malice, intent,
16           knowledge, and other condition of mind of a person may be
             averred generally.
17

18   Fed. R. Civ. P. 9(b).  "Rule 9(b) serves not only to give notice to defendants of the specific

19   fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a

20   pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes

21   from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon

22   the court, the parties and society enormous social and economic costs absent some factual

23   basis.'"  Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting In re Stac Elec.

24   Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)).  Accordingly, pursuant to Rule 9(b), a plaintiff

25   at a minimum must plead evidentiary facts such as the time, place, persons, statements and

26   explanations of why allegedly misleading statements are misleading.  In re GlenFed, Inc. Sec.

4

1   Litig., 42 F. 3d 1541, 1547 n.7 (9th Cir. 1994); see also Vess v. Ciba-Geigy Corp. USA, 317 F.3d

2   1097, 1106 (9th Cir. 2003); Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995).[4]

3            For the reasons set forth below, the undersigned will recommend that defendants'

4   motion to dismiss be granted.

5                                    ANALYSIS

6            As defendants accurately observe, plaintiff's claims are premised on the so-called

7   "vapor money" theory which has been consistently rejected by federal courts as frivolous.[5]   See

8   Rodriguez v. Summit Lending Solutions, Inc., No. 09cv773 BTM (NLS), 2009 WL 1936795, *2

9   (S.D. Cal. July 7, 2009); Gentsch v. Ownit Mortgage Solutions Inc., No. CV F 09-0649 LJO

10  GSA, 2009 WL 1390843, *4-5 (E.D. Cal. May 14, 2009) (and cases cited therein); Alejo v.

11  Mozilo, No. CV 09-680 PSG (CTx), 2009 WL 692001, *3 (C.D. Cal. Mar. 16, 2009); Frances

12  Kenny Family Trust v. World Savings Bank FSB, No. C 04-03724 WHA, 2005 WL 106792, *5

13  (N.D. Cal. Jan. 19, 2005) (and cases cited therein).  All of plaintiff's claims are based in whole or

14  in part on this frivolous theory and are therefore subject to dismissal.[6]

15           To the extent plaintiff may be attempting to allege that a non-judicial foreclosure

16  on the subject property violates the Fair Debt Collection Practices Act  (FDCPA), 15 U.S.C. §

17  1692, et seq., he cannot state a cognizable claim.  The FDCPA does not apply to non-judicial

18

19       [4]  In addition, "[u]nder California law, the 'indispensable elements of a fraud claim
     include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and
20   damages.'"  Vess, 317 F.3d at 1105 (quoting Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir.
     1996)).
21

22       [5]  The "vapor money" theory provides that since 1933 and the New Deal, the United
     States has been bankrupt and lenders have been creating unenforceable debts because they are
23   lending credit rather than legal tender.  Johnson v. Deutsche Bank Nat. Trust Co., No.  09-21246-
     CIV, 2009 WL 2575703, *1 (S.D. Fla. July 1, 2009).  Those proceeding under the "vapor
24   money" theory contend that all loans not based on legal tender are not collectible.  Id.

25       [6]  Any attempt by plaintiff to allege that defendants have no right to subrogation as "a
     stranger to the transaction" is also based on the frivolous "vapor money" theory in that it is
26   premised on the argument that defendant did not "pay off the entire debt in full."  (Opp'n at 2.)
     Moreover, any such claim is frivolous on its face.

                                          5

foreclosure since a debt collector for purposes of the Act does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.  Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985), modified on other grounds,761 F.2d 237 (5th Cir. 1985).  Moreover, foreclosing on the subject property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA.  Hulse v. Ocwen Federal Bank, FSB, 195 F. Supp.2d 1188, 1204 (D. Or. 2002).

Finally, plaintiff's vague, largely undecipherable and conclusory allegations are clearly insufficient under Federal Rule of Civil Procedure 9(b) to state any claim of fraud.  As noted above, the Rule requires a party to "state with particularity the circumstances constituting fraud."  This, plaintiff has failed to do.  The court may dismiss a fraud claim when its allegations fail to meet the required pleading standard.  Vess, 317 F.3d at 1107; see also Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997) ("fraud allegations must be accompanied by 'the who, what, when, where, and how' of the misconduct alleged"); Tarmann v. State Farm Mutual Auto. Ins. Co., 2 Cal. App. 4th 153, 157 (1991).

The undersigned has carefully considered whether plaintiff may amend his complaint to state any claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).  Leave to amend would clearly be futile in this case given the obvious deficiencies and frivolous nature of plaintiff's complaint as addressed above.  See Gentsch, 2009 WL 1390843, at *9 (granting motion to dismiss with prejudice as to frivolous action brought pursuant to "vapor money" theory); Silverman v. Lewis, No. C 09-00543 JW, 2009 WL 951797 *2 (N.D. Cal. April 7, 2009) (dismissing action with prejudice because "vapor money" claims challenging the

/////

legitimacy of a loan have no basis in law.)  Accordingly, the undersigned will recommend that this action be dismissed with prejudice.

CONCLUSION

For the reasons set forth above, IT IS RECOMMENDED that:

1.  Defendants' amended motion to dismiss (Doc. No. 10) filed January 7, 2009, be granted pursuant to Federal Rule of Civil Procedure 12(b)(6); and

2.  This action be dismissed with prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fifteen days after being served with these findings and recommendations, any party may file and serve written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed and served within five days after the objections are served.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 1, 2009.

_Dale A. Drozd_

_____

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1/orders.pro se/kuder3087.mtd.f&r

7